## MOLLOY v. DEAN.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

SPECIFIC PERFORMANCE—PROCEEDINGS AND RELIEF—EVIDENCE—WEIGHT AND SUFFICIENCY.

In an action for specific performance of a contract by which defendant agreed to purchase certain land and convey the same to plaintiff, evidence *held* insufficient to sustain the finding that the agreement was that the property be purchased and owned by the parties as tenants in common.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 394.]

Appeal from Special Term, Nassau County.

Action by Jane A. Molloy against Marie A. Dean. From a judgment for defendant, plaintiff appeals. New trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

James E. Duross, for appellant.

George B. Stoddart, for respondent.

HIRSCHBERG, P. J. This action is brought to procure the specific performance of an alleged agreement, by which the defendant bound herself to convey to the plaintiff certain real property, the title to which is in the defendant. The complaint alleges that the property in question was purchased by the defendant for the plaintiff and with the plaintiff's money, with the understanding that the defendant would deed the property to her on demand. The answer alleges that at the time of the alleged agreement the parties were carrying on business on the premises as partners, and that the real prop-

erty in question, although deeded to the defendant, was in fact an asset of the partnership in which each is entitled to an equal share. The decision of the learned trial justice is not in accord with the claim of either party.' He finds that the agreement between them was that the property should be purchased and owned by them as tenants in common, and he finds that the parties were not copartners at any time, and that the real estate was not purchased by the firm and held as an asset of the partnership.

The parties are mother and daughter. The plaintiff, the mother, gave her daughter, the defendant, $350 on the 26th day of July, 1905, with which to make the purchase in question, it being intended that the purchase price was to be the sum of $700; the property at the time being covered by a blanket mortgage which the grantor was to have released. The deed to the defendant was dated July 28, 1905, and acknowledged July 31, 1905. It was taken, as I have said, in the defendant's name, but was delivered by the defendant to the plaintiff. The defendant executed a purchase-money mortgage for the sum of $350. As a matter of fact, the defendant paid only $625 for the place. On the 1st of August, 1905, the plaintiff required the defendant to write a receipt, which she did, signing and delivering it to the plaintiff, in which she acknowledged the receipt of the sum of $350 paid on the property, and promised and agreed to transfer the property to the plaintiff as soon as the blanket mortgage was released. The blanket mortgage was released on October 7, 1905. There is also in evidence an undated letter, written by the defendant to the plaintiff some time after they had got in a dispute over the property, in which the defendant says: "When you [the plaintiff] feel like selling, it is to come back to me for $700." The oral evidence at the trial was chiefly that of the parties themselves, and was conflicting. In these circumstances it seems to me that the documentary evidence should be regarded as controlling. It clearly favors the plaintiff's contention, if not absolutely inconsistent with any other.

In view of the fact that the judgment is not in harmony with the verified claim of either party as presented by the pleadings, nor with the testimony of either party, and the fact that the plaintiff's claim is supported by the documentary proof, the case should be retried. All concur.